MELISSA HOLYOAK, United States Attorney (#9832)
MARIA D. MOOERS-PUTZER, Assistant United States Attorney (# 14730)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRISANTOS JAVIER SOTELO-VALENCIA,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br>Case No. 2:25cr00056 DS<br><br>Magistrate Judge Daphne Oberg |

☐ The United States is not seeking detention.

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

- ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B)

(specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

*The defendant is charged with conspiracy to distribute fentanyl, heroin, cocaine, and methamphetamine and conspiracy to launder money relating to the proceeds of the distribution. These charges stem from the defendant's role as the head of a drug trafficking organization operating out of Sinaloa, Mexico. Generally, the defendant sources narcotics to mid-level distributors who coordinate their own distribution cells, the defendant coordinates his distribution cells, and the defendant maintains a Utah customer base. As part of his role, the defendant coordinates transportation for narcotics in the United States as well as the return of drug proceeds to Mexico.*

*During the time period alleged in the Indictment, the defendant primarily resided in Mexico and ran his drug trafficking business almost exclusively through his phone, effectively shielding himself from criminal liability and arrest. Law enforcement officers were able to contact the defendant via phone to arrange purchases of controlled substances to take place in Utah, leading to multiple arrests and search warrants of the couriers and lower-level distributors involved.*

*In total, during 2023, FBI Salt Lake City seized over 1 kg of cocaine, 5 kg of heroin, 8 kg of methamphetamine, 37 kg of fentanyl, and $74,000 in United States currency linked to the defendant through lower-level distributors.*

*Law enforcement agencies identified Facebook accounts used by the defendant to coordinate the distribution of controlled substances in Utah. Between March 2023 and May 2024, pursuant to search warrants, law enforcement officers were able to review messages between the defendant and various local distributors. In the messages, the defendant discusses the price, quantity, and quality of controlled substances as well as coordinates specific buys. The defendant often used his own name and photo for the Facebook profile name and picture. Additionally, the defendant would send selfies and photos of his children via the same Facebook accounts.*

*Law enforcement officers further corroborated the information contained in the Facebook messages by identifying and investigating phone numbers mentioned in the messages. Many of the numbers mentioned were associated with runners arrested with significant amounts of controlled substances. Additionally, phone numbers located in seized cell phones directly tied particular phone numbers to drug distribution.*

*Finally, during a post-Miranda interview this week, the defendant admitted that individuals would contact him seeking controlled substances and he would connect those individuals to other distributors. During the interview, the defendant's phone rang. When law enforcement asked who was calling, the defendant said it was someone who wanted him to do drug work in Utah.*

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

*In March 2023, the defendant was arrested by law enforcement and the residence he shared with two other individuals was searched. During that search, officers located approximately 2.2 kg of cocaine, 3.5 kg of heroin, 2.3 grams of methamphetamine, and 4.1 kg of suspected fentanyl pills. Officers also located a firearm. When the defendant was searched, officers located approximately $5400 in United States currency on the defendant's person. When questioned, the defendant admitted that he used false identification to send money but claimed that the money he sent was from car sales. Because information regarding the defendant's role in the offense was limited at the time, the defendant was not charged with any offense but was instead removed to Mexico, where he continued to distribute drugs.*

*The defendant has significant ties to Mexico and makes a substantial amount of money from illegal activity.*

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

*The defendant's removal to Mexico in 2023 and his subsequent behavior demonstrate the danger that would be posed by the defendant's release. Because of the nature of*

*the defendant's role in the offense, he can coordinate the trafficking of drugs from anywhere he is able to access a cellphone. Were the defendant to be released, it's likely he would return to Mexico and continue his criminal activity as he does not have any legitimate way to make money and no incentive to pursue a legal source of income. To prevent continued criminal activity, the only option is detention.*

☒ The defendant's lack of legal status in the United States. The defendant's legal status is:

*The defendant is a Mexican citizen and does not have legal status in the Untied States. The defendant was previously encountered by ICE in Utah s in 2023 and again in California in October of 2025. The defendant was removed from the United States on or about October 30, 2025, approximately four months before his arrest for the instant offense.*

☒ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒ The defendant's significant family or other ties outside of the United States.

☒ The defendant's use of aliases or false documents.

*After his arrest in March 2023, the defendant was interviewed by law enforcement. Post-Miranda, the defendant admitted to having fake identification in his possession and said that he used multiple fake identifications to send money.*

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☐ Other reasons including:

**Victim Notification**

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:

☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification.

DATED this 6th day of March, 2026.

MELISSA HOLYOAK
UNITED STATES ATTORNEY

_*/s/ Maria D. Mooers-Putzer*__________
MARIA D. MOOERS-PUTZER
Assistant United States Attorney